IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  Case No. 3:22-cv-0039 |
| | ) |
| **ONE 1989 WHITE MANTA VESSEL,** | ) |
| **SERIAL NO. MQZ 32008D989,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

**THIS MATTER** is before the Court on Plaintiff United States of America's ("the Government") Motion to Stay Civil Forfeiture Proceeding until completion of the related criminal prosecution. (ECF No. 13.) Claimant Jeffrey Durrant ("Durrant") opposes the motion. (ECF No. 15.) For the reasons stated below, the Court will grant the motion.

### I. BACKGROUND

The following background of this case is derived from the charging documents and supporting affidavits.

On January 9, 2022, the U.S. Customs and Border Protection Marine Interdiction Unit ("CBP") seized the defendant property under 19 U.S.C. § 1581, because the agents observed approximately 20 block-shaped bales, wrapped in dark colored plastic wrap, and encased in rope on the deck of the vessel, consistent with previously seized bales of cocaine. The agents detained the captain and three other persons who were on board the vessel. A total of 21 bales containing 667 kilograms of cocaine were recovered. The Government filed a criminal complaint against the individuals on January 10, 2022, in the matter styled *United States v. Shannon John, et al.* The case is currently docketed as Case No. 1:22-cr-0002.

CBP commenced administrative forfeiture proceedings against the defendant vessel. On March 17, 2022, CBP received a claim of ownership from Durrant. Thereafter, the Government filed the verified complaint against defendant property pursuant to 18 U.S.C. § 983, alleging that it was used, or intended to be used to transport and facilitate the transportation, sale, receipt, possession, and concealment of controlled substance in

Case: 3:22-cv-00039-RAM-RM Document #: 23 Filed: 03/14/23 Page 2 of 4

*United States of America v. One 1989 White Manta Vessel Serial No. MQZ 32008D89*
Case No. 3:22-cv-0039
Order
Page **2** of **4**

violation of 21 U.S.C. § 841. (ECF No. 1.) On June 21, 2022, the Court issued a Warrant of Arrest. (ECF No. 5.). The Government executed the warrant on July 18, 2022 (ECF No. 6.).

On July 7, 2022, a grand jury returned an indictment charging Shannon John, Sean John, Emmanuel Tolentino-Lebron and Augusto Rodriguez-Molina with Conspiracy to Possess with Intent to Distribute a Controlled Substance While on Board a Vessel Subject to the Jurisdiction of the United States and Possession of a Controlled Substance with Intent to Distribute While on Board a Vessel Subject to the Jurisdiction of the United States. The indictment also contains a forfeiture allegation that the vessel was used in the commission of the crime. (Case No. 1:22-cr-0002, ECF No. 73.)

## II. LEGAL STANDARD

The Civil Asset Forfeiture Reform Act of 2000 provides that, "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). "In order to trigger Section 981's mandatory stay provision, the Government need only make a threshold showing that discovery in the civil forfeiture matter will likely interfere with a related criminal investigation." *United States v. $600,980.00 in U.S. Currency*, No. 2:21-cv-06965-RGK-MAR, 2022 WL 2284934, at *2 (C.D. Cal. Mar. 8, 2022). Moreover, "[t]he statute requires no particularized showing of prejudice or harm; all the Court need determine is whether civil discovery will likely interfere with the criminal investigation." *Id.*

"Whenever a civil forfeiture proceeding is stayed pursuant to this subsection, the court shall enter any order necessary to preserve the value of the property or to protect the rights of lienholders or other persons with an interest in the property while the stay is in effect." 18 U.S.C. § 981(g)(6).

## III. DISCUSSION

The Government argues that a stay is necessary to protect its ongoing criminal investigation and prosecution of the criminal case. It contends that, if this action is not stayed, the criminal prosecution would be adversely affected. Moreover, resolution of the criminal matter may render the civil forfeiture proceeding moot.

Case: 3:22-cv-00039-RAM-RM   Document #: 23   Filed: 03/14/23   Page 3 of 4

*United States of America v. One 1989 White Manta Vessel Serial No. MQZ 32008D89*
Case No. 3:22-cv-0039
Order
Page **3** of **4**

Durrant asserts an innocent owner defense, arguing that the Government failed to allege sufficient facts or present any *ex parte* affidavit to show that civil discovery will adversely affect its ability to prosecute the criminal case and to permit the Court to find relatedness between the prosecution and the seizure. Durrant argues that courts recognize that the innocent owner defense does not implicate sensitive information, and a protective order will adequately protect the Government's interests. According to Durrant, he requires virtually no discovery from the Government. Durrant further contends that the defendant vessel is his means of earning a living and each day that passes leads him closer to financial ruin. Additionally, the Government failed to comply with Fed. R. Civ. P. 7(b)(1)(B) requiring that the grounds for the motion be stated with particularity.

In reply, the Government contends that this case and the criminal case have common facts, witnesses, and circumstances. Durrant is not a defendant in the criminal case but admitted knowing certain defendants in the criminal action, which poses a risk that information he discovers will be improperly disclosed. The Government asserts that Durrant already served his discovery requests, including interrogatories that would disclose critical information in the ongoing drug trafficking investigation.

Although Durrant asserted that he requires virtually no discovery from the Government, the evidence submitted by the Government in reply shows that he served requests which seek information concerning the criminal case, including "the GPS file/data for any GPS deice seized from any defendant in *USA v. John, et al.*, 1:22-cr-02 and or seized from the Vessel," "all agent notes and/or reports" related to the Vessel, and "all statements and/or or [sic] reports of interviews for the defendants in the related criminal matter." The Government's failure to submit evidence *ex parte* in this matter does not undermine the nature and extent of civil discovery and its adverse impact on the ongoing criminal investigation and criminal case. As Durant's civil discovery requests demonstrate, he seeks critical information directly pertaining to the Government's investigation and the criminal case.

The Court finds that the criminal case is related to this case because it allegedly involves drugs found on the defendant vessel registered to Durrant with two persons

Case: 3:22-cv-00039-RAM-RM   Document #: 23   Filed: 03/14/23   Page 4 of 4

*United States of America v. One 1989 White Manta Vessel Serial No. MQZ 32008D89*
Case No. 3:22-cv-0039
Order
Page **4** of **4**

Durrant admits knowing. *United States v. All Funds on Deposit in Suntrust Acct. No. XXXXXXXX8359, in Name of Gold & Silver Rsrv., Inc.,* 456 F. Supp. 2d 64, 65–66 (D.D.C. 2006) ("Where a criminal investigation and a civil forfeiture action have common facts, similar alleged violations and some common parties, the actions are clearly related.") Although Durrant is not a defendant in the related criminal case, due to his connection to the defendants, there is a significant risk of improper disclosure. *United States v. $1,117,369.00 in U.S. Currency*, No. 5:18-CV-2927, 2021 WL 6124204, at *3 (N.D. Ohio Dec. 28, 2021) ("Even though Zwick has not been charged in the related criminal case, her access to discovery in the present civil action could still provide an avenue for the defendants in the criminal action to obtain otherwise unavailable documents and information."). The Court finds that the Government satisfied its burden of showing that discovery in the civil forfeiture matter will likely interfere with the related criminal investigation and criminal case. The Court is not convinced that imposing a protective order limiting discovery would protect the Government's interests without unfairly limiting Durrant's ability to pursue the civil case. The Court, therefore, finds that a stay is warranted in this matter.

Accordingly, it is hereby

**ORDERED** that the Government's motion for stay, ECF No. 13, is **GRANTED**; it is further

**ORDERED** that this matter is **STAYED** pending final disposition of the criminal case styled *United States v. Shannon John*, Case No. 1:22-cr-0002. The Government shall file a notice with the Court advising of the status of Case No. 1:22-cr-0002 every 60 days commencing on April 1, 2023; it is further

**ORDERED** that, pursuant to 18 U.S.C. § 981 (g)(6), the Government **SHALL** ensure that the value of defendant vessel is preserved and Durrant's rights asserted in connection with the defendant vessel protected while the stay is in effect; it is further

**ORDERED** that Durant's Motion for Hearing, ECF No. 18, is **DENIED as moot.**

**Dated:** March 14, 2023                              /s/ Robert A. Molloy
                                                                  **ROBERT A. MOLLOY**
                                                                  **Chief Judge**